IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI JO THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-21-331-KEW |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Lori Jo Thomas, (the "Claimant"), requests judicial review of the decision of the Commissioner of the Social Security Administration, (the "Commissioner"), denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge, ("ALJ"), incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Claimant's Background**

The Claimant was thirty-nine (39) at the time of the ALJ's decision. She completed the fourth grade and has worked in the past as a general warehouse worker, fast food worker, cashier/checker, sorter, general merchandise salesperson, shoe salesperson, and parcel post clerk. The Claimant alleges that her inability to work began on March 3, 2019. She claims this inability

1

stems from major depressive disorder, bipolar disorder, and post-traumatic stress disorder.

## Procedural History

On March 18, 2019, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act (42 U.S.C. § 1381, et seq.). The Claimant's application was initially denied and was denied on reconsideration. The Claimant filed a request for a hearing, which was held on August 19, 2020. The hearing was held telephonically due to COVID-19 and was before ALJ Jana Kinkade. On January 8, 2021, ALJ Kinkade entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council granted this request. On August 31, 2021, the Appeals Council entered an unfavorable decision, which adopted a majority of the ALJ's statements. As a result, the decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant

that the Claimant had the following severe impairments: bipolar disorder, dependent personality disorder, depression, anxiety, posttraumatic stress disorder, obesity, and spider veins with pain. (Tr. 37). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> [The Claimant can] perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds. The [C]laimant needs to avoid exposure to extremes of heat and to other unprotected heights. She is limited mentally to performing simple, routine tasks and simple decision-making in an environment that involves few, if any, workplace changes. Interaction with supervisors, coworkers, and the public is limited to occasional.

(Tr. 40). The ALJ then concluded that this RFC would not allow the Claimant to return to her past relevant work. (Tr. 42). The ALJ then proceeded to step five and ultimately found that considering claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform. (Tr. 43). Thus, the ALJ found that

---

is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Claimant had not been under a disability from March 3, 2019, through the date of the decision. (Tr. 43).

## Errors Alleged for Review

The Claimant asserts that the ALJ failed to properly evaluate the medical source opinion of Dr. Lynelle Lynn, PSYD and that the Appeals Council's adoption of this finding was improper. The Claimant also believes that the ALJ improperly discounted the consistency of the Claimant's statements when he found that her reported daily activities supported the determined RFC.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a

4

scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Consideration of Medical Opinion

The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these new standards the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1)

5

supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Generally, when examining medical opinions, the ALJ must only specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*,

365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

The ALJ adequately explained why she did not find Dr. Lynn's opinion persuasive and specifically addressed the supportability and consistency factors. The ALJ provided the following explanation for finding Dr. Lynn's opinion not persuasive.

> Dr. Lynn's opinion is not persuasive (7F). The limitations that she provided were not entirely consistent with the claimant's work history or her reported daily activities. Information in Dr. Lynn's own report is not consistent with her opinion. The claimant was working at Shoe Sensation at the time of the evaluation as an assistant manager. She drove herself to the evaluation. The mental status evaluation was found to show a depressed and anxious mood and affect but otherwise no indications of loose associations, flight of ideas, circumstantial or tangential thought process revealed; no delusions, obsessions, compulsions, irrational fears, or homicidal/ suicidal ideation; and no perceptual abnormalities. No abnormalities were documented under judgment and insight (7F). The opinion is not consistent with other reported daily activities. The claimant is currently working for UPS with 2019 earnings of over $19,000 (7D, 10D). She has reported

> that she can drive, go out alone, shop in stores, and care for her children (6E) (AUDIOHR).

(Tr. 42). The ALJ specifically points out the fact that Dr. Lynn's limitations are not supported by her own opinion, as she found no abnormalities for judgment and insight, yet suggested limitations in those areas. (Tr. 427-28). Further, the ALJ pointed out that the suggested limitations were not consistent with the Claimant's current work activities. (Tr. 42).

The Claimant asserts that the ALJ's argument ignores evidence that supports Dr. Lynn's limitations. But the evidence which the Claimant points to are her own self-reported symptoms. Which as discussed below, were properly evaluated. The ALJ's discussion of Dr. Lynn's opinion meets the requirements of the regulations and the ALJ's decision to disregard Dr. Lynn's opinion is supported by substantial evidence. Therefore, the adoption of this reasoning by the Appeals Council was also proper. For this Court to find otherwise would require it to reweigh evidence, which it cannot do. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

### Evaluation of the Claimant's Alleged Symptoms

The Claimant also asserts that the ALJ improperly discounted her reported symptoms when she found that the Claimant's reported daily activities supported the determined RFC. Specifically, the Claimant believes that the ALJ should have further inquired into

…

her daily activities before she determined that they supported the RFC.

Social Security Ruling 16-3p, 2017 WL 5180304 (Oct. 25, 2017), provides specific guidance regarding how an ALJ should consider a claimant's subjective complaints. Ultimately, deference must be given to an ALJ's evaluation of Claimant's symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. An ALJ, however, is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but she must set forth the specific evidence upon which she relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of her evaluation of Claimant's symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p. She ultimately determined Claimant's medically determinable impairments could reasonably

cause her alleged symptoms, but the ALJ found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 40-41). In reaching this determination, the ALJ relied on the Claimant's mental impairments improving with treatment and her reported daily activities. (Tr. 42).

The ALJ's analysis is linked to substantial evidence, and she points to specific evidence that supports her findings. First, she discusses how the record indicates that the Claimant's depression and anxiety responded to treatment. (Tr. 41). She points to the Claimant's improvement of symptoms with treatment, including notes from Dr. Williams Harrison, DO, that discussed medications improving her mental stability. (Tr. 41, 443-452). Second, she discussed the ALJ's work and her self-reported daily activities and how they supported the ALJ's RFC. (Tr. 41, 230-37).

The Claimant argues that the ALJ did not develop the record as required and mischaracterizes the reported daily activities. But this argument ignores that the record contained details that supported the ALJ's findings regarding the Claimant's daily activities, in addition to the Claimant's hearing testimony. (Tr. 69, 230-37, 248-55). As for the record being undeveloped, there is nothing indicating that more evidence was required. In fact, the Appeals Council looked at additional evidence when reaching their

conclusions. (Tr. 4-8). The Claimant fails to show how the record was underdeveloped. The Claimant also argues that the ALJ improperly considered her part time work. But the ALJ is allowed to consider work activities, along with daily activities when evaluating a Claimant's symptoms and functional capabilities. 20 C.F.R. § 404.1571; 20 C.F.R. § 404.1529(c)(3)(i).

Ultimately, the ALJ did provide specific reasons for her findings regarding the Claimant's reported daily activities and symptoms. Thus, this Court must give deference to her opinion. She linked her reasoning to objective medical evidence, including the state agency findings that she did find persuasive. (Tr. 41-42). When examining the record as a whole, the ALJ's decision was supported by substantial evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court, in accordance with the fourth sentence of 42 U.S.C. 405(g), the ruling of the Commissioner of the Social Security Administration should be and is AFFIRMED.

IT IS SO ORDERED this 26th Day of April, 2023.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE